**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DOUGLAS W. ATKYNS,**

                **Plaintiff,**                   6:13-cv-161
                                                          (GLS/ESH)

          v.

**CAROLYN W. COLVIN,** Acting
Commission of Social Security,

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Iaconis Law Firm | CHRISTOPHER D. THORPE, ESQ. |
| 501 Genesee Street | |
| Chittenango, NY 13037 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | JEREMY A. LINDEN |
| United States Attorney | Special Assistant U.S. Attorney |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Douglas W. Atkyns challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed May 16, 2014, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed. (Dkt. No. 19.) Pending are Atkyns' objections to the R&R. (Dkt. No. 24.) For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[1]

On November 6, 2009, Atkyns filed an application for DIB under the Social Security Act. (Tr.[2] at 76, 153-54.) After his application was denied, Atkyns requested a hearing before an Administrative Law Judge (ALJ), which was held on June 17, 2011. (*Id.* at 43-75, 87-88.) On July 29, 2011, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-6, 27-42.)

Atkyns commenced the present action by filing a complaint on

---

[1] The court incorporates the factual recitations of the parties and Judge Hines. (*See generally* Dkt. Nos. 14, 17, 19.)

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

February 11, 2013, seeking judicial review of the Commissioner's determination. (*See generally* Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending that the Commissioner's decision be affirmed. (*See generally* Dkt. No. 19.)

### III. Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

3

## IV. Discussion

In the R&R, Magistrate Judge Hines found that: (1) any error at step two of the sequential evaluation with respect to the severity of Atkyns' obesity and left foot pain was, at most, harmless; (2) the ALJ's rejection of Atkyns' treating physician's opinions was conducted under the correct legal standard and was supported by substantial evidence; (3) the ALJ's assessment of Atkyns' subjective testimony was conducted under the correct legal standard and was supported by substantial evidence; and (4) the ALJ's inaccurate recitation of the amended alleged onset date[3] was, at most, harmless error. *(*Dkt. No. 19 at 4-17.) In objecting to the R&R, Atkyns has repeated many of the same arguments raised before Judge Hines in his motion for judgment on the pleadings, and made new arguments raised for the first time in his objection. *(*Dkt. Nos. 14, 24.) In particular, Atykns objects to Judge Hines' finding with respect to the ALJ's severity decision, his decision to give less than controlling weight to the opinions of Atkyns' treating physician, and his credibility determination. (Dkt. No. 24 at 2-17.) Atkyns also objects, for the first time, to the ALJ's

---

[3] The ALJ's decision indicates that Atkyns amended his onset date to November 23, 2008. (Tr. at 30.) The correct date was one month earlier, October 23, 2008. (*Id.* at 46, 219; Dkt. No. 19 at 16.)

4

weighing of the opinions and findings of consulting psychologist Kristen Barry, non-examining psychological consultant L. Hoffman, and treating psychologist Connie Lee Jones. (*Id.* at 8-10, 12-13; *see generally* Dkt. No. 14 at 7-15.)

Generally, arguments may not be raised for the first time in objections to a magistrate judge's report. *See Lewyckyj v. Colvin*, No. 3:13-cv-126, 2014 WL 3534551, at *2 (N.D.N.Y. July 17, 2014); *Rosello v. Barnhart*, 02 Civ. 4629, 2004 WL 2366177, at *3 (S.D.N.Y. Oct. 20, 2004); *Abu-Nassar v. Elders Futures. Inc.*, 88 Civ. 7906, 1994 WL 445638, at *5 n.2 (S.D.N.Y. Aug. 17, 1994). As such, the court finds Atkyns' arguments with respect to his alleged mental issues waived. (Dkt. No. 19 at 8 n.11.) Further, as the substance of Atkyns' arguments with respect to the ALJ's severity decision, his decision to give less than controlling weight to the opinion of Atkyns' treating physician, and his credibility determination was previously raised in Atkyns' brief and considered and rejected by Judge Hines, (Dkt. No. 14 at 3-22; Dkt. No. 19 at 4-16), these "objections," are general and do not warrant *de novo* review. *See Almonte*, 2006 WL 149049 at *4. However, since some of Atkyns' arguments could conceivably be construed as timely, specific legal objections to Judge Hines' conclusions, and affording

Atkyns every benefit of the doubt, the court will review these objections to the R&R de novo.

## A. <u>Severity Determination</u>

First, Atkyns contends that the Magistrate erred in concluding that any error at step two was harmless because the ALJ's residual functional capacity (RFC) determination does not account for Dr. David Haswell's restrictive opinion with respect to standing and walking or Atkyns' testimony that his foot pain interfered with walking or standing occasionally. (Dkt. No. 24 at 4-5.) As Judge Hines' concluded here, the omission of an impairment at step two may be deemed harmless error, particularly where the disability analysis continues and the ALJ later considers the impairment in his RFC determination. (Dkt. No. 19 at 7); *see Tryon v. Astrue*, No. 5:10-CV-537, 2012 WL 398952, at *4 (N.D.N.Y. Feb. 7, 2012); *see also Plante v. Astrue*, No. 2:11-CV-77, 2011 WL 6180049, at *4 (D. Vt. Dec. 13, 2011). Contrary to Atkyns' arguments, in this case, the ALJ's RFC assessment included consideration of Atkyns' obesity and foot pain. (Tr. at 36-37.) Notably, Dr. Haswell's opinion did not indicate foot pain as a cause of Atkyns' limitations, and the opinion of consulting examiner Roberto Rivera, who indicated that Atkyns possibly suffered sensory neuropathy in the second

6

digit of his left toe, supports the ALJ's RFC determination. (*Id.* at 374, 435-42.) Because the ALJ's RFC assessment accounts for the functional effects of Atkyns' obesity and foot pain, Atkyns' argument is without merit.

B. <u>**Weighing Medical Opinions**</u>

Next, Atkyns' asserts that Judge Hines' decision is contrary to the law in the Second Circuit, which prohibits an ALJ from affording a treating physician's opinion "almost no weight at all." (Dkt. No. 24 at 5.) The court does not agree. As Judge Hines' pointed out, controlling weight will only be given to a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); (Dkt. No. 19 at 10.) Further, "an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability." *Baszto v. Astrue*, 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010); *see Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995) (noting that the applicable regulations "permit the opinions of non-examining sources to override treating sources' opinions provided they are

7

supported by evidence in the record"); *Florez v. Apfel*, No. CV 97-3052, 1998 WL 760334, at *6-7 (E.D.N.Y. Aug. 31, 1998) ("Given that [the medical expert's] opinions are supported by the record, and [the treating physician's] opinion that the [claimant] was disabled is not, the ALJ was free to find the non-examining expert's testimony persuasive."). Thus, the ALJ was entitled to rely on the opinions of consultative examiner Rivera and non-examining medical consultant M. Fuhrman. (Tr. at 37.) As the ALJ relied on the opinions of these experts, it cannot be said that he substituted his own opinion for that of competent medical opinion. (Dkt. No. 24 at 8.)

In addition, Atkyns' contention that the test reports and medical notes referred to by Judge Hines dealt with conditions for which he did not claim disability is without merit. (*Id.* at 11.) Judge Hines' decision makes clear that the whole of Dr. Haswell's treatment notes do not contain support for his restrictive opinion, including his physical examination results, mental status examination results, chest x-rays, and lumbosacral spine x-rays. (Dkt. No. 19 at 12 n.17.) Atkyns alleges disability due to depression, hypertensive heart disease, and left foot pain. (Tr. at 219.) Thus, "heart testing and examination findings, flexion findings in [Atkyns'] feet, and

chest x-ray findings" are relevant evidence to consider in weighing the opinion of Dr. Haswell. (Dkt. No. 24 at 11-12.) Moreover, as the record before the ALJ included Dr. Haswell's clinical and laboratory findings and there were no "obvious gaps," the ALJ was not required to seek additional information from Dr. Haswell. *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999); *see Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013).

**C.     Credibility Determination**

Finally, although the ALJ did not undertake a step-by-step exposition of the factors articulated in 20 C.F.R. § 404.1529(c), he sufficiently set forth reasons, which were well-grounded in the record, for finding Atkyns to be only partially credible. *See Judelsohn v. Astrue*, No. 11-CV-388S, 2012 WL 2401587, at *6 (W.D.N.Y. June 25, 2012) ("[F]ailure to expressly consider every factor set forth in the regulations is not grounds for remand where the reasons for the ALJ's determination of credibility are sufficiently specific to conclude that he considered the entire evidentiary record." (internal quotation marks and citation omitted)). Atkyns complains that the ALJ "summarily concludes" that his credibility is diminished because he quit his longtime job due to differences with a supervisor, and not because he was unable to continue to work due to medical reasons. (Dkt. No. 24 at 20-

9

21; Tr. at 445.) Further, Atkyns argues that, because he amended his alleged onset date to a date more than a year later, the fact that he quit this employer is irrelevant. (Dkt. No. 24 at 21.) However, in assessing the credibility of an individual's subjective complaints, an ALJ should consider all of the evidence of record, including the claimant's prior work record and efforts to work. *See* SSR 96-7p, 61 Fed. Reg. 34,483, 34,486 (July 2, 1996). Moreover, after Atkyns quit this long-term employer, he again maintained competitive employment until he was laid off in October 2008, his amended onset date. (Tr. at 49-51.) Thus, the ALJ's conclusion that Atkyns did not stop working due to his medical impairments is supported by the record. In addition to Atkyns' work history, the ALJ also considered the objective medical evidence, the opinion evidence, and Atkyns' improvement on medication. (*Id.* at 37.) Accordingly, and for the reasons articulated by Judge Hines in the R&R, the ALJ's determination that Atkyns is not fully credible is free from legal error and supported by substantial evidence. (Dkt. No. 19 at 15-16.)

D. **Remaining Findings and Conclusions**

As to the remainder of Atkyns' objections, the court, having carefully reviewed the record, finds no clear error in the R&R and accepts and

adopts it in its entirety.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' May 16, 2014 Report and Recommendation (Dkt. No. 19) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Atkyns' complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 16, 2014
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court